# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1550
LT Case No. 2022-303918-CFDB

_____

JOEL GINGERY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Elizabeth A. Blackburn, Judge.

Michael Ufferman, of Michael Ufferman Law Firm, P.A.,
Tallahassee, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Roberts J.
Bradford, Jr., Senior Assistant Attorney General, Daytona Beach,
for Appellee.


July 24, 2026


LAMBERT, J.

Appellant Joel Gingery appeals his convictions and sentence
for two counts of sexual battery with force. We affirm on all issues
but write to address Gingery's argument that the trial court
reversibly erred in prohibiting him from consulting with his lawyer

during a five-minute recess taken while Gingery was testifying in his own defense.

## I

In 1980, one of our sister courts was tasked with deciding whether a trial court had the discretion to prohibit a defendant, who was in the midst of cross-examination, from consulting with his attorney during a fifteen-minute break. *Bova v. State*, 392 So. 2d 950, 953 (Fla. 4th DCA 1980). While being cross-examined, the defendant responded that he was confused by a question being asked; and he requested a ten-minute break. *Id.*

This prompted defense counsel to request a fifteen-minute recess, which the trial court granted. *Id.* The court then instructed the defendant not to talk with anyone about the case during the recess. *Id.* Defense counsel objected, citing to both his client's Sixth Amendment right under the United States Constitution to effective assistance of counsel "and his correlative rights under the Florida Constitution." *Id.* The trial court adhered to its prior ruling, stating, "I don't think at this time that you have a right to confer with your client until he has testified as to the rest of his cross examination." *Id.*

The Fourth District Court of Appeal affirmed the defendant's first-degree murder conviction and sentence. *Id.* at 951. On the attorney-client consultation issue, the court wrote that it was specifically declining to hold that the fifteen-minute restraint imposed by the trial court constituted an abuse of discretion "or was an impermissible impairment of the defendant's Sixth Amendment right to assistance of counsel, or a violation of [the] defendant's correlative rights under Article I, Section 16 of the Florida Constitution." *Id.* at 953–54.[1]

In so holding, the court acknowledged the leading case of *Geders v. United States*, 425 U.S. 80 (1976), in which the United

---

[1] The court separately noted that even if the brief restraint on the defendant's ability to consult with counsel was constitutionally impermissible, the error was harmless beyond a reasonable doubt. *Bova I*, 392 So. 2d at 954 n.1.

States Supreme Court held that a defendant's Sixth Amendment rights were violated by the trial court's restriction against attorney-client consultation during a seventeen-hour overnight recess. *Bova I*, 392 So. 2d at 955. Crucial to the decision in *Geders* were the duration and the customary use of the overnight recess, with the Court observing that counsel may need to use the overnight recess to discuss tactical decisions and strategies with the defendant or to otherwise discuss the significance of the day's events. *Id.* (citing *Geders*, 425 U.S. at 88).

The Fourth District Court noted, in perhaps a bit of foreshadowing, that "all recesses are not the same," *id.*, and emphasized the "narrow scope" of its holding as one that "embraces a brief recess in the midst of cross-examination which did not usurp time customarily available for planning and consultation." *Id.* at 956.

II

Bova appealed the decision to the Florida Supreme Court, which accepted jurisdiction. The court framed the question for review as whether the constitutional right to counsel under the Sixth Amendment and Article I, Section 16 of the Florida Constitution prohibits any restrictions on attorney-client consultation during a trial recess. *Bova v. State*, 410 So. 2d 1343, 1344 & n.2 (Fla. 1982).

The court expressly rejected the district court's holding that the defendant's Sixth Amendment right to counsel or the defendant's correlative right under the Florida Constitution had not been violated by the trial court prohibiting the defendant from consulting with his counsel during the fifteen-minute break in his testimony. *Id.* at 1344–45. Instead, it held "that no matter how brief the recess, a defendant in a criminal proceeding must have access to his attorney." *Id.* The court explained that the "right of a criminal defendant to have reasonably effective representation is absolute and is required at every essential step of the proceedings" and "to deny a defendant consultation with his attorney during any trial recess, even in the middle of his testimony, violates the defendant's basic right to counsel." *Id.* at 1345 (citations omitted).

3

## III

Seven years after *Bova II*, the United States Supreme Court decided *Perry v. Leeke*, 488 U.S. 272 (1989). In this case, the direct examination of the defendant had ended; but prior to the State beginning its cross-examination, the trial court granted a fifteen-minute break. *Id.* at 274. The court ordered the defendant not to consult with anyone, including his attorney, during the break. *Id.* When the trial resumed, defense counsel moved for a mistrial, which the trial court denied, explaining that the defendant was not entitled to be assisted or helped prior to cross-examination. *Id.* The defendant was subsequently convicted of murder, kidnapping, and sexual assault. *Id.*

The case eventually made its way to the United States Supreme Court, which granted certiorari to address what it referred to as an important and frequently-arising question on the constitutionality of orders barring a criminal defendant's access to his or her attorney during a trial recess. *Id.* at 277 & n.2. The Court held that the defendant's Sixth Amendment right to the assistance of counsel had not been violated when the trial court directed the defendant not to consult with counsel during the fifteen-minute break, *id.* at 282–84, and contrasted its earlier decision in *Geders* because the seventeen-hour recess there had been of a different character. *Id.* at 284. The Court explained that a defendant does not have a constitutional right to discuss his or her testimony while it is in process, holding "that the Federal Constitution does not compel every trial judge to allow the defendant to consult with his lawyer while his testimony is in progress if the judge decides that there is a good reason to interrupt the trial for a few minutes." *Id.* at 284–85. But the Court also observed that "as a matter of law in some States, it may well be appropriate to permit such consultation [between a defendant and his counsel during such brief recesses]." *Id.* at 284.

## IV

The next chronologically significant case to the present appeal was the Florida Supreme Court's decision in *Amos v. State*, 618 So. 2d 157 (Fla. 1993), released four years after *Perry*. The defendant was appealing "his convictions of two counts of first-degree

4

murder, an attempted first-degree murder, four counts of robbery with a firearm, and one count of aggravated assault with a firearm, and his sentences, including a sentence of death for one of the murders." *Id.* at 158.

The first claim raised by the defendant on his direct appeal was that the trial court had improperly precluded him from consulting with his counsel during the one-hour lunch break. *Id.* at 161. The defendant had just concluded his direct testimony; and the trial court, over objection, instructed the defendant that he could not speak with his counsel during the lunch break. *Id.*

The Florida Supreme Court agreed with the defendant on this claim. *Id.* It noted that the trial court's ruling was contrary to the court's earlier decision in *Bova II* when it held that no matter how brief the recess, a defendant in a criminal case must have access to his attorney. *Id.* (citing *Bova II*, 410 So. 2d at 1344). The court reversed the defendant's convictions and sentences, holding that "it was clear error for the [trial] court to prohibit [the defendant] from speaking to his counsel during the [one-hour] recess period." *Id.*[2]

Though the decision in *Perry* had been released by the United States Supreme Court only a few years earlier, *Perry* was not mentioned by the majority in *Amos*. Nor, for that matter, did the court cite to *Geders*, the Sixth Amendment, or to Article I, Section 16 of the Florida Constitution in its analysis. However, Justice Grimes, in a concurring, in part, and dissenting, in part, opinion, discussed as follows the significance of the United States Supreme Court precedents in *Perry* and *Geders*, and the Florida Supreme Court's decision in *Bova II*, on whether a trial court could prohibit a defendant from consulting with counsel during a break in the defendant's testimony:

---

[2] The court opined that while this error, on its own, may have been harmless, because two other errors raised by the defendant had merit, "we are unable to hold that they constitute harmless error when taken collectively." *Id.* at 161.

5

Thus, the state of the law on the subject appears to be that where there is a long recess, any restriction on the defendant's right of access to his counsel violates the federal constitution without regard to a showing of prejudice. On the other hand, it is permissible and even appropriate to restrict a defendant's right to talk to counsel during a short recess. I believe that the one-hour luncheon recess in the instant case falls within the 'short recess' principle of *Perry* rather than the 'long recess' rule of *Geders*. . . . There was no error under federal law.

Of course, under *Bova* [*II*] it is also impermissible to keep a testifying defendant away from counsel during a short recess, but its effect is evaluated on a harmless error basis. Even though the judge's admonition to [the defendant's] counsel was error under Florida law, I have no difficulty in concluding that it was harmless.

*Id.* at 164–65 (Grimes, J., concurring in part, dissenting in part). Thus, two of the justices on the *Amos* court[3] viewed the trial court's restriction on the defendant's right to consult with counsel, though not violative of the Sixth Amendment, as violating "Florida law." *Id.* at 163.

Our concurring colleague fairly submits that *Perry* has effectively overruled *Bova II*. Under Sixth Amendment jurisprudence, the holding in *Bova II* that no matter how brief the recess, a defendant in a criminal proceeding must have access to his or her counsel does not appear to square with the Supreme Court precedent in *Perry* that there is no Sixth Amendment violation when a trial court precludes the defendant, while still on the stand, from consulting with counsel during a fifteen-minute break. And as all Florida courts are bound by United States Supreme Court precedents that construe the United States Constitution, *see Zack v. State*, 371 So. 3d 335, 350 (Fla. 2023) (citations omitted), the trial court's ruling here appears to be in line with *Perry*.

---

[3] Justice McDonald concurred with Justice Grimes's opinion. *Id.* at 163.

6

## V

The question then is how best is *Amos* explained or to be interpreted in light of the United States Supreme Court's decision in *Perry*. To the point, irrespective of the Sixth Amendment, did Gingery here have a separate right under the Florida Constitution to consult with his counsel during the five-minute break in his testimony that, under *Amos* and *Bova II*, was violated by the trial court?

In *Bova II*, which was reaffirmed in *Amos*, the court was tasked with deciding "whether the constitutional right to counsel" under the Sixth Amendment and under Article I, Section 16 of the Florida Constitution "prohibit[ed] any restrictions on attorney-client consultation during a trial recess." 410 So. 2d at 1344 & n.2. While the Fourth District Court held that there was no constitutional violation in prohibiting consultation with counsel during a fifteen-minute break in the defendant's testimony, *Bova I*, 392 So. 2d at 953–54, the Florida Supreme Court subsequently and explicitly rejected this holding. *Bova II*, 410 So. 2d at 1344–45.

## VI

Or is *Amos* better explained that the one-hour lunch break there may present different opportunities for strategic-type conversations between counsel and client such that, under *Geders*, the trial court in *Amos* prohibiting the defendant from consulting with counsel during the one-hour lunch break during his testimony would be error? Our concurring colleague posits as much. Fair point, though the majority opinion in *Amos* mentioned neither *Geders* or *Perry*; and Justice Grimes, in his concurring, in part, and dissenting, in part, opinion, viewed the one-hour lunch recess there being more akin to the "short recess" principle in *Perry* under which a trial court could constitutionally preclude consultation between the attorney and the defendant, and not the "long recess" scenario under *Geders* where such prohibition would violate the defendant's Sixth Amendment right to counsel. 618 So. 2d at 164–65. Justice Grimes also thought there was no error "under federal law" in the trial court precluding the defendant from consulting with counsel during the one-hour lunch break, but "the judge's

7

admonition to [defense] counsel was error under Florida law." *Id.* at 164.

Our colleague correctly points out that the *Amos* majority did not directly discuss the defendant's right to counsel under the Florida Constitution. But it did affirm *Bova II* where, again, the framed question was whether prohibiting the defendant from consulting with counsel during a fifteen-minute break in the defendant's testimony violated the Sixth Amendment and the correlative rights under the Florida Constitution to assistance of counsel. And two of our sister courts have later interpreted *Amos* as providing "Florida law afford[ing] greater protection of a defendant's right to counsel than federal authority requires." *Mears v. State*, 183 So. 3d 1230, 1232 (Fla. 4th DCA 2016) (quoting *Leerdam v. State*, 891 So. 2d 1046, 1049 (Fla. 2d DCA 2004)); *see also Cadavid v. State*, 257 So. 3d 1066, 1070 (Fla. 4th DCA 2018) (quoting *Mears*).

VII

Pursuant to our duty to follow United States Supreme Court precedent that construes the Federal Constitution, we find that consistent with *Perry*, no Sixth Amendment violation was committed by the trial court here in precluding Gingery from consulting with his counsel during a five-minute break in his testimony. We admittedly do this with some hesitation because in *Amos*, issued subsequently to *Perry*, the Florida Supreme Court reaffirmed its holding in *Bova II* that no matter how brief the recess, a defendant in a criminal proceeding must have access to his or her attorney, albeit that it did so without specifically delineating between the federal and state constitutional right to counsel. *Amos*, 618 So. 2d at 161.

Lastly, if deciding the matter in the first instance, we would further hold that there was also no violation here under the Florida Constitution. However, we believe that in light of *Amos*, that is not our call. *See State v. Dwyer*, 332 So. 2d 333, 335 (Fla. 1976) (providing that "[w]here an issue has been decided in the Supreme Court of the state, the lower courts are bound to adhere to the Court's ruling when considering similar issues, even though the court might believe that the law should be otherwise"). Though our colleague makes a fair argument that neither *Amos* nor *Bova*

8

*II* should dictate our decision, in light of the concurring, in part, and dissenting, in part, opinion of Justice Grimes in *Amos*, joined by Justice McDonald,[4] that a trial court's brief restriction on the defendant's consultation with counsel, though not violative of federal law, would still appear to be a violation of Florida law, (albeit harmless there), we submit that a legitimate question arises whether the holding in *Amos*, at least in part, was based on the defendant's right to counsel under the Florida Constitution having been violated.

Nevertheless, based on our thorough review of the record, we hold that any error committed by the trial court in precluding Gingery from consulting with his counsel during the five-minute break here was harmless beyond a reasonable doubt.[5] Accordingly, we affirm.

## VIII

Despite this, for the reasons and concerns expressed both in this opinion and in the concurring opinion, and in light of the post-*Amos* decisions of our sister courts and Justice Grimes's observations in his concurring, in part, and dissenting, in part, opinion in *Amos*, we find it appropriate to certify the following question of great public importance to the Florida Supreme Court:

> IN LIGHT OF THE UNITED STATES SUPREME COURT'S DECISION IN *PERRY V. LEEKE*, 488 U.S. 272 (1989) (HOLDING THAT A TRIAL COURT DOES NOT VIOLATE THE SIXTH AMENDMENT WHEN IT ORDERS A

[4] We acknowledge that a concurring opinion is not binding precedent.

[5] While Gingery argues that the State did not raise a harmless error argument in its answer brief, this does not preclude us from independently applying the harmless error test. *See Heuss v. State*, 687 So. 2d 823, 824 (Fla. 1996) ("To summarize, the State's failure to argue harmlessness does not preclude an appellate court from applying the harmless error test, though it is not required to do so.").

9

DEFENDANT NOT TO CONSULT WITH HIS COUNSEL DURING A SHORT DAYTIME RECESS TAKEN WHILE THE DEFENDANT IS TESTIFYING), DOES A TRIAL COURT ERR UNDER FLORIDA LAW BY BARRING A DEFENDANT FROM CONSULTING WITH HIS COUNSEL DURING A SHORT DAYTIME RECESS TAKEN WHILE THE DEFENDANT IS TESTIFYING?

AFFIRMED; QUESTION CERTIFIED.

HARRIS, J., concurs.
SOUD, J., concurs in result with opinion.

SOUD, J., concurring in result.

I agree with my distinguished colleagues in affirming Appellant Joel Gingery's convictions and sentence for two counts of sexual battery with force and certifying a question of great public importance—but for a very different reason. The majority concludes the trial court's error "under Florida law" of precluding Gingery to speak with his lawyer during a five-minute recess in the midst of his testimony was harmless; I conclude there simply was no error at all, under either federal or state constitutional principles securing Gingery's right to counsel.

I.

Gingery was charged via information with two counts of sexual battery with force likely to cause serious bodily injury and one count of false imprisonment. Ultimately, Gingery exercised his constitutional right to trial by jury.

During the presentation of his case at trial, Gingery chose to testify in his own defense. During direct examination, the trial court took a recess to address certain matters outside the presence of the jury. After doing so, the court afforded counsel and court personnel a brief comfort break "for about five more minutes." At that time, and over defense counsel's objection, the trial judge instructed Gingery he was prohibited from talking to anyone, including his counsel, during that five-minute recess.

Ultimately, Gingery was convicted as charged of two counts of sexual battery with force and found not guilty of false imprisonment. Designated by the trial court as a sexual offender, Gingery was sentenced to a total of 20.188 years in prison followed by ten years of sex offender probation.

This appeal followed.

11

## II.

Amongst several arguments of error, Gingery contends the trial court erred by prohibiting him from talking to his counsel during the five-minute recess taken during the presentation of his testimony. Doing so, Gingery insists, violated his right to counsel. His argument fails.

## A.

Gingery cites the Fourth District's decision *Cadavid v. State*, which, based on Florida Supreme Court precedent, held that a testifying defendant has the right to consult with counsel, "no matter how brief the recess." 257 So. 3d 1066, 1070 (Fla. 4th DCA 2018). *Cadavid*'s conclusion is based on its view that "Florida law affords greater protection of a defendant's right to counsel than federal authority requires." *Id*. This flawed state constitutional notion appears to find its origin in the Second District's opinion in *Leerdam v. State*, 891 So. 2d 1046, 1049 (Fla. 2d DCA 2004) ("[W]e believe the [Florida Supreme Court] construed the right to counsel as provided by article I, section 16, of the Florida Constitution, thus establishing Florida law regarding a criminal defendant's right to counsel independent of the Sixth Amendment.").

I simply find no support for this conclusion in either the text of the Florida Constitution or Florida Supreme Court precedent. In reaching my view that the judge's order prohibiting Gingery from consulting with his lawyer during the five-minute recess taken during his testimony was constitutionally permissible, I am guided by what I respectfully believe to be a proper understanding of United States Supreme Court precedent, together with Florida Supreme Court cases, which are best viewed through the bifocal lens of the substance of the Florida high court's legal analysis and the timeline in which they were rendered.

## B.

A defendant has a constitutional right to consult with counsel free from judicial constraint during a prosecution, both before and after he testifies. *See* Amend. VI, U.S. Const.; Art. I, § 16, Fla. Const. When a defendant chooses to become a witness in his defense, however, he has no right, constitutional or otherwise, to

interrupt his testimony to consult with his lawyer. *See Perry v. Leeke*, 488 U.S. 272, 281 (1989). Rather, the defendant "is on his own" at that point and must be heard by the jury "in his own words." *Villarreal v. Texas*, 607 U.S. 465, 482 (2026) (Alito, J., concurring).

This core constitutional right to counsel is not tested when a defendant's testimony is presented uninterrupted by any recess. But what is a trial court to do when a recess is taken during his testimony?

In *Geders v. United States*, the United States Supreme Court concluded the Sixth Amendment prohibits a trial court from denying to a defendant the opportunity to consult with his lawyer during *an overnight recess* taken while a defendant was testifying because he has a right to discuss matters with counsel "other than his own testimony." 425 U.S. 80, 88 (1976). In reaching its decision, the Court recognized that a lengthy overnight recess, some seventeen hours in *Geders*, provides an opportunity for the "accused and counsel to discuss the events of the day's trial," consider "strategies," and make "tactical decisions." *Id.* Importantly, the *Geders* Court "carefully preserved" the question whether a testifying defendant had a constitutional right to confer with counsel during a routine minutes-long break in his testimony. *See Perry*, 488 U.S. at 280.

Years later, the Florida Supreme Court drew a broad and bright line on the matter. In *Bova v. State*, the defendant—during cross examination—asked for a *ten-minute break* because "he was confused." 410 So. 2d 1343, 1344 (Fla. 1982). The trial court granted the recess but ordered the defendant not to confer with counsel during that time. *See id.* In determining that the trial court erred, though the error was harmless, our Supreme Court held "that a criminal defendant must have access to his attorney during any trial recess, no matter how short the duration . . . ." *Id.* Finding a defendant's right to reasonably effective counsel "absolute," the Court found "that to deny a defendant consultation with his attorney during any trial recess, even in the middle of his testimony, violates the defendant's basic right to counsel." *Id.* at 1345.

As noted by the majority, the Florida Supreme Court in *Bova* rejected the holding *as phrased by the Fourth District* opinion under review. In briefly explaining its conclusion, the Florida Supreme Court buried *Bova*'s roots in the soil of the United States Supreme Court's Sixth Amendment jurisprudence. In "find[ing] that to deny a defendant consultation with his attorney during any trial recess, even in the middle of his testimony, violates the defendant's basic right to counsel[,]" the *Bova* court cited only one case—"Geders." *Id. Bova* contains not one syllable's mention of the Florida Constitution. And while *Bova* noted other courts had reached similar conclusions, it cites no Florida caselaw on the point.

Again, in *Thompson v. State*, 507 So. 2d 1074, 1075 (Fla. 1987), the Florida Supreme Court relied entirely on *Bova*'s holding and reiterated that a trial court errs when prohibiting a testifying defendant from consulting with his counsel during "any trial recess," including a *thirty-minute* recess taken during his testimony. Unlike *Bova*, however, the Florida Supreme Court reversed the defendant's conviction and remanded for a new trial. *See id.*

Two years later, in *Perry v. Leeke*, the United States Supreme Court "consider[ed] whether the *Geders* rule [forbidding an order directing a testifying defendant not to consult his attorney during an overnight recess] applies to a similar order entered at the beginning of a *15–minute* afternoon recess." 488 U.S. at 274 (emphasis added). The Court granted certiorari review because the issue is "important [and] one that frequently arises." *Id.* at 277. The Court identified numerous cases addressing orders precluding attorney consultation during a short recess. Among those cases was the Florida Supreme Court's decision in *Bova*, holding "denial of access to counsel during 15–minute break during cross-examination of defendant [was a] violation of Sixth Amendment, but harmless error."[1] *See id.* at 277 n.2. In the end, the Supreme Court reached a squarely different conclusion than the Florida

---

[1] This further undergirds the view that *Bova* rested entirely on an analysis under the Sixth Amendment and not the Florida Constitution.

Supreme Court in both *Bova* and *Thompson*, concluding a trial court does not violate the Sixth Amendment when it orders a defendant not to consult with his counsel during a short daytime recess taken while the defendant is testifying in his own defense. *See id.* at 283–84.

> [J]ust as a trial judge has the unquestioned power to refuse to declare a recess at the close of direct testimony—or at any other point in the examination of a witness—we think the judge must also have the power to maintain the status quo during a brief recess in which there is a *virtual certainty that any conversation between the witness and the lawyer would relate to the ongoing testimony*. As we have said, we do not believe the defendant has a constitutional right to discuss that testimony while it is in process.

*Id.* (emphasis added).

The Court recognized that the line between *Geders* and *Perry* was "a thin one." *Id.* at 280. But it is one of "constitutional dimension"—drawn to "serve the truth-seeking function of the trial." *Id.* at 280, 282.

By its holding in *Perry*, the United States Supreme Court in effect overruled the Florida Supreme Court's decision in *Bova*.

Apparently undeterred, four years later, in *Amos v. State*, the Florida Supreme Court again addressed a trial court's order prohibiting a testifying defendant from conferring with counsel, this time during a *one-hour* lunch recess taken at the end of defendant's direct examination. *See* 618 So. 2d 157 (Fla. 1993). In concluding that it was "clear error" to prohibit Amos from conferring with his counsel during the recess, the Florida Supreme Court again reaffirmed *Bova*'s holding in reversing and remanding for a new trial. *See id.* at 161, 163. Here again, the Florida Supreme Court did not base its decision on any additional protection afforded by the Florida Constitution not found in its federal counterpart. Its analysis was purely founded upon the Sixth Amendment—an analysis and conclusion rejected by *Perry*. Curiously, the Florida Supreme Court wholly ignored the United

15

States Supreme Court's decision in *Perry*, a case undeniably known to it as it was discussed in Justice Grimes's opinion concurring in part and dissenting in part from the *Amos* majority. *See id.* at 163–65 (Grimes, J., concurring in part and dissenting in part).

In his opinion, Justice Grimes considered the "state of the law on the subject," concluding, "[I]t is permissible and even appropriate to restrict a defendant's right to talk to counsel during a short recess. . . . There was no error under federal law." *Id.* at 164. His analysis of *Perry* and *Geders*, together with his conclusion, seems to suggest that the Florida Supreme Court was considering the case under federal constitutional principles rather than like notions born of our State constitution.

## III.

So, what are we to do in light of this precedent?

## A.

I note that Gingery does not argue that the order barring his consultation with counsel during a five-minute recess in his testimony violates his Sixth Amendment right to counsel. And he is wise to refrain from such a claim, as that has been squarely rejected by the United States Supreme Court in *Perry*.[2] Though a defendant's right to testify has long been viewed as "fundamental," *see United States v. Scott*, 909 F.2d 488, 490 (11th Cir. 1990), the Supreme Court has "made clear that the constitutional right to testify [is] subject to limitations designed to protect the truth-seeking function of trial," *Villarreal*, 607 U.S. at 481 (Alito, J.,

---

[2] *Perry* expressly makes clear that a five-minute comfort recess is far different than the seventeen-hour overnight recess addressed in *Geders* because of the nature and extent of a defendant's conversation with counsel during the much-longer recess. Even during an overnight recess, a trial court is within its prerogative to restrict a defendant's consultation with counsel to matters other than "*managing* his ongoing testimony." *Villarreal v. Texas*, 607 U.S. 465, 477 (2026) (internal quotation marks omitted).

concurring) (citing *Rock v. Arkansas*, 483 U.S. 44, 55–56 and n.11 (1987)). "[T]he accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers v. Mississippi,* 410 U.S. 284, 302 (1973).

## B.

But what of the Florida Supreme Court's decisions in *Bova, Thompson*, and *Amos*? Gingery's argument that Florida law affords greater protection of the right to counsel than that secured by the Sixth Amendment has support in precedent from the Second and Fourth District Courts of Appeal. *See Cadavid*, 257 So. 3d at 1070; *Leerdam*, 891 So. 2d at 1049. But at bottom, these cases rest upon the loose constitutional soil of *Bova,* as do the later Florida Supreme Court cases of *Thompson* and *Amos*.

### 1.

*Bova*, which relied upon *Geders*, was plainly decided on Sixth Amendment grounds. Again, *Bova* is erected entirely upon the foundation of the Sixth Amendment as construed by *Geders*. There is simply not a scintilla of reliance upon the Florida Constitution.

This fact is expressly understood by the United States Supreme Court in *Perry. See Perry*, 488 U.S. at 277 n.2. But the holding of *Bova*, which involved a ten-minute recess during the defendant's testimony, was rejected seven years later by the United States Supreme Court in *Perry*, which involved a fifteen-minute recess. *See Perry*, 488 U.S. at 274.

*Amos* is curious because the Florida Supreme Court, relying on its pre-*Perry Bova* decision, found it was "clear error" for the trial court to preclude Amos from consulting with his lawyer during a *one-hour* lunch recess taken at the end of defendant's direct examination. *See* 618 So. 2d at 161. The *Amos* Court again reaffirmed *Bova*'s holding in reversing and remanding for a new trial. *See id.*

But the United States Supreme Court in *Perry* effectively overruled *Bova* by concluding that it was constitutionally permissible to bar a defendant from consulting with counsel during

17

a short, fifteen-minute, intra-examination recess. When it did so, it eroded the sandy soil supporting the Florida Supreme Court's decision in *Bova*.

Yet, remarkably, *Amos* does not address *Perry*. Perhaps the *Amos* Court concluded that the Florida Constitution provides greater protection of one's right to counsel than that secured by the U.S. Constitution. But it did not say that. Apart from its clear reliance on the Sixth Amendment, *Bova* and its state supreme court progeny simply make no reference to the Florida Constitution—none. Contrary to the Second and Fourth Districts, there simply is no basis in caselaw for the notion that the Florida Supreme Court has determined that the Florida Constitution grants greater protection of the right to counsel during a short mid-testimony recess than that found in the Sixth Amendment.[3] If the Florida Supreme Court intended such, it is reasonable to expect that it would plainly say so. It strains reasoning to believe the Florida Supreme Court would do so *sub silentio*.

2.

I am ever mindful of my judicial responsibility to follow the precedent of our State's high court. *See Black Voters Matter Capacity Bldg. Inst., Inc. v. Sec'y, Fla. Dep't of State*, 415 So. 3d 180, 192 (Fla. 2025) ("Even when a district court disagrees with a decision of this Court, it is the lower court's duty to follow our precedent."). In clinging tightly to this obligation, I have no desire to be cavalier with binding authority. Yet, we are faced with the stark reality that *Bova*, upon which Florida caselaw depends on this issue, is founded entirely upon the Sixth Amendment and *Geders*. And *Bova* has been effectively overruled by the United States Supreme Court in *Perry*. Thus, in this rare instance, it is our obligation to follow the highest binding authority from the United States Supreme Court on this issue. *See McDaniels v. State*, 419 So. 3d 1180, 1188 (Fla. 1st DCA 2025) ("While decisions of our state supreme court ordinarily bind this court, the United States Supreme Court's interpretation of the federal Constitution is 'the supreme Law of the Land,' and we are bound to follow it.");

---

[3] Likewise, I find no support for this proposition in the text of the Florida Constitution.

*see also Spencer v. State*, 389 So. 2d 652, 653 (Fla. 1st DCA 1980) ("The decisions of the United States Supreme Court on questions of federal constitutional law have direct and controlling effect on our decisions though the Florida Supreme Court has not yet had an opportunity to conform its previously expressed views, which were themselves in conformity with United States Supreme Court decisions as then understood by the Florida Supreme Court."); *see generally State v. Poole*, 297 So. 3d 487, 507 (Fla. 2020) (addressing *stare decisis* and concluding, "In a case where we are bound by a higher legal authority—whether it be a constitutional provision, a statute, or a decision of the Supreme Court—our job is to apply that law correctly to the case before us. When we are convinced that a precedent clearly conflicts with the law we are sworn to uphold, precedent normally must yield.").

IV.

For these reasons, I would affirm, concluding that the trial court did not err in prohibiting Gingery from consulting with his counsel during a brief recess during the presentation of his testimony.